IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60263
_____


CALDAS & SONS, INC., ANGELO CALDAS,

                                      Plaintiffs-Appellants,

versus

BEN H WILLINGHAM, JR., CORIM AGRI, INC., CORIM, INC.,
CARL W. STOWE,

                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
DC-90-CV-40-B
_____

July 22, 1996

Before GARWOOD, HIGGINBOTHAM and BENAVIDES, Circuit Judges.

PER CURIAM[*]:

     Plaintiffs-Appellants appeal the district court's granting of
Defendants-Appellees' motion for judgment as a matter of law after
a jury trial resulted in a verdict and award of compensatory and
punitive damages in favor of Plaintiffs-Appellants.  The court
concluded that no reasonable juror could arrive at a verdict
contrary to the finding that the relationship between the parties
was one of an arm's length seller-purchaser and not of an agent-
principal.  In granting the motion, the court held that two pieces

     [*] Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

of evidence supporting Plaintiffs-Appellants' claims should have been excluded.  We reverse and remand.

I.

This case arises from the sale of approximately 1,000 acres of Mississippi Delta farm land from Defendant-Appellee Corim, Inc. ("Corim") to the purchaser, Plaintiff-Appellant Caldas & Sons, Inc. ("Caldas & Sons").  Defendant-Appellee Ben H. Willingham is a principal of the seller, Corim, and Plaintiff-Appellant Angelo Caldas is a principal of the purchasing company, Caldas & Sons.[1] In January 1990, Plaintiffs-Appellants filed their original complaint against Defendants-Appellees seeking compensatory and punitive damages for alleged RICO violations, breach of fiduciary duties, breach of contract, fraud, intentional misrepresentation, deceit and trickery, legal malpractice, and conspiracy.  In September 1990, the case was consolidated with another arising out of the same set of transactions.

A motion for summary judgment was filed by Defendants-Appellees, which the district court granted.[2]  All remaining claims against Defendants-Appellees were dismissed by stipulation of the parties.  Plaintiffs-Appellants appealed the summary judgment.  On appeal, we reversed and remanded, holding that under the

---

[1]  The background facts and procedural history of this case are summarized in our decision on the first appeal of the instant action.  *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123 (5th Cir. 1994).

[2]  The court granted summary judgment in favor of Defendants-Appellees on the claims for RICO violations, breach of fiduciary duty as purchasing agent, breach of contract, fraud, and conspiracy to commit fraud.

circumstances of this case, the existence of a duty by Corim to Caldas & Sons was a question for the trier of fact. *Willingham*, 17 F.3d at 129.

On remand, the case proceed to jury trial. On January 19, 1995, the jury returned a verdict in favor of Plaintiffs-Appellants, awarding $100,000 in compensatory damages, $75,000 in punitive damages against Willingham, and $125,000 in punitive damages against Corim. The district court entered judgment on the verdict on January 20, 1995.

On January 30, 1995, Defendants-Appellees filed a motion for new trial and renewed motion for judgment as a matter of law. On April 20, 1995, the district court granted Defendants-Appellees' motion for judgment as a matter of law, holding that Plaintiffs-Appellants had not proved the existence of an agency relationship between Caldas & Sons and Corim. In reaching this conclusion, the court determined that the contradictory testimony of Plaintiffs-Appellants' expert, Dr. Dennis Tosh ("Dr. Tosh"), and a hearsay June 13, 1984 letter from Rolf Schlegel ("Schlegel") to Angelo Caldas should have been excluded from the evidence presented at trial. The court further stated that even though the motion for new trial was mooted by the granting of judgment as a matter of law, "a motion for new trial would have been granted of necessity" because of Tosh's testimony alone. Plaintiffs-Appellants subsequently filed their notice of appeal.

## II.

We review the district court's granting of a motion for

3

judgment as a matter of law *de novo*, applying the same legal standard as the district court. *Omnitech International, Inc. v. Clorox Co.*, 11 F.3d 1316, 1322-23 (5th Cir.), *cert. denied*, ___U.S.___, 115 S.Ct. 71, 130 L.Ed.2d 26 (1994) (citing *Roberts v. Wal-Mart Stores, Inc.*, 7 F.3d 1256, 1259 (5th Cir. 1993)). "If the evidence at trial points so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion, this court will conclude that the motion should have been granted." *Id.* (internal citations omitted). If, however, there is evidence of such quality and weight that reasonable jurors might reach a different conclusion, then the motion should have been denied. *Robertson v. Bell Helicopter Textron, Inc.*, 32 F.3d 948, 951 (5th Cir. 1994), *cert. denied*, ___U.S.___, 115 S.Ct. 1110, 130 L.Ed.2d 1075 (1995).

In its order granting the motion for judgment as a matter of law, the district court concluded that two pieces of evidence were improperly admitted at trial: Dr. Tosh's testimony and the 1984 letter from Schlegel to Angelo Caldas. In the first appeal of summary judgment in this case, this Court held that Plaintiffs-Appellants submitted evidence that created a genuine issue of material fact of an agency relationship between Corim and Caldas & Sons sufficient to present to a jury. *Willingham*, 17 F.3d at 129. The Court's conclusion was based, in part, on the 1984 letter from Schlegel to Angelo Caldas. *Id.* at 128. Defendants-Appellees argue, as the district court held, that the 1984 letter is hearsay because it was offered for the truth of the matter asserted. We find,

4

however, that the 1984 letter from Schlegel to Angelo Caldas was offered to show only that the statements contained in the letter were made to Caldas & Sons. A reasonable juror could disbelieve every statement in the 1984 letter and still conclude that Schlegel was attempting to create an agency relationship. Additionally, the 1984 letter from Schlegel to Angelo Caldas is not hearsay, and the district court erred in ruling post-verdict that it should have been excluded. When the 1984 letter is considered along with the testimonial evidence at trial regarding Schlegel's actions and communications with Caldas & Sons as an agent of Corim, Plaintiffs-Appellants' evidence supports the jury's verdict.[3] Thus, we conclude that the district court erred in granting Defendants-Appellees' motion for judgment as a matter of law.

The district court's order granting judgment as a matter of law also addressed Defendants-Appellees' motion for new trial. The court's order states:

> Even though defendants' motion for new trial is mooted by the granting of the motion for judgment as a matter of law, it is apparent that independent of the granting of the motion for judgment as a matter of law in favor of the defendants, a motion for new trial would have been granted of necessity because of the contradictory testimony of Dr. Tosh alone.

Defendants-Appellees argue that the district court alternatively granted them a new trial, Plaintiffs-Appellants waived any argument to reverse the new trial, and the court did not abuse its

---

[3] Indeed, we reversed the district court's summary judgment in the first appeal in this case finding that the evidence, including the 1984 letter from Schlegel to Angelo Caldas, created genuine issues of material fact that an agency relationship existed between Corim and Caldas & Sons. *Willingham*, 17 F.3d at 129.

discretion in ordering a new trial. Review of the district court's order reveals that the language used in addressing the motion for new trial is not mandatory, and that the court affirmatively states that the motion for new trial is mooted by the granting of Defendants-Appellees' motion for judgment as a matter of law. Having itself declared that the motion for new trial was mooted, it is not clear whether the district court impliedly denied or conditionally granted the motion for new trial. In any event, any consideration of the motion for new trial was burdened by the erroneous view that Defendants-Appellees were entitled to judgment as a matter of law, and that the 1984 letter from Schlegel to Angelo Caldas should have been excluded. Accordingly, we reverse and remand to the district court.[4]

## III.

For the reasons articulated above, we REVERSE the district court's judgment granting Defendants-Appellees' motion for judgment as a matter of law and REMAND to the district court's for consideration of Defendants-Appellees' motion for new trial in

---

[4] The district court held that Dr. Tosh's testimony was an unfair surprise because it contradicted his deposition testimony. We note that although the district court would be justified in excluding Dr. Tosh's testimony at trial, its admission is not automatically grounds for a new trial. A new trial may be granted when an expert's testimony results in prejudicial surprise "inconsistent with substantial justice." *Genmoora Corp. v. Moore Business Forms, Inc.*, 939 F.2d 1149, 1156 (5th Cir. 1991) (citing *Conway v. Chemical Leaman Tank Lines, Inc.*, 687 F.2d 108, 111-12 (5th Cir. 1982)). *See also* FED. R. CIV. P. 61. We have limited reversible error for unfair surprise "to situations where a completely new issue is suddenly raised or a previously unidentified expert witness is suddenly called to testify." *Conway v. Chemical Leaman Tank Lines, Inc.*, 687 F.2d 108, 112 (5th Cir. 1982).

light of our decision in this appeal.